# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN M. AQUINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PUGLIESE,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 1:09-cv-00432-LJO-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G)<br><br>(Doc. 1) |

**Screening Order**

**I.	Screening Requirement**

　　Plaintiff Dorian M. Aquino, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 9, 2009.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

     A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.  Plaintiff's Mail Claim

     Plaintiff, who is housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran, brings this action against Sergeant C. Pugliese for opening Plaintiff's mail from the United States District Court for the Eastern District of California outside of Plaintiff's presence, allegedly in violation of Plaintiff's rights under the United States Constitution.

     While state prison regulations may more broadly define what constitutes legal mail, under federal law, mail from the courts is a matter of public record and is not considered to be legal mail. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Plaintiff's claim that the opening of his mail from the court violated his constitutional rights fails as a matter of law, and this action shall therefore be dismissed.

## III.  Conclusion and Order

     Plaintiff's complaint fails to state a claim for relief under federal law. The deficiency is not capable of being cured through amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983. This dismissal SHALL count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   July 28, 2009**          /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE